IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **CHARLES A. GRADDICK, et al.,** )<br>)<br>**Plaintiffs,** )<br>)<br>v. )<br>)<br>**BANKTRUST, et al.,** )<br>)<br>**Defendants.** ) | CIVIL ACTION 08-0167-WS-C |

**ORDER**

This matter is before the Court on the plaintiffs' request, embedded in their complaint, for a temporary restraining order. (Doc. 1 at 4). The complaint names as defendants BankTrust and Regions Bank. It alleges that the plaintiffs entered agreements with a Florida condominium developer; that in conjunction with these agreements the plaintiffs caused three letters of credit to be issued by the defendants in favor of a Florida escrow agent; that the plaintiffs have sued the developer in Florida state court for breach of contract based on its failure to supply a statement of record and property report as required by the Interstate Land Sales Full Disclosure Act; that the state lawsuit seeks rescission of the agreement and return of the letters of credit; that the escrow agent and developer have demanded the defendants to make payment against the letters of credit; and that the plaintiffs will suffer irreparable harm if the defendants are not enjoined from paying the escrow agent. (*Id*., ¶¶ 6-8, 10-11).

The complaint was filed March 28, 2008. Although the defendants have not filed a motion to dismiss, federal courts are of limited jurisdiction, and this Court has an independent and continuing obligation to confirm its subject matter jurisdiction, even when the parties do not question its existence. *University of South Alabama v. American Tobacco Co.*, 168 F.3d 409, 411 (11th Cir. 1999); *accord Smith v. GTE Corp*., 236 F.3d 1292, 1299 (11th Cir. 2001).

The complaint alleges that subject matter jurisdiction rests on diversity of citizenship. (Doc. 1, ¶¶ 4, 5). However, the complaint alleges that the plaintiffs are citizens of Alabama and that the defendant banks are also citizens of Alabama. (*Id*., ¶¶ 1, 4). The complaint further alleges that defendant Regions Bank has its principal place of business in Alabama. (*Id*., ¶ 2).[1]

The complaint, while conceding all the above, argues that diversity nevertheless exists because "all of the true Defendants are residents of Florida and Tennessee." (Doc. 1, ¶ 4). By "true Defendants," the complaint means the escrow agent, the developer, and its principal. (*Id*., ¶ 3). The trouble is that the resident banks are in fact the true defendants in this action: they are the only defendants named in the complaint, and they are the only entities from which the plaintiffs seek relief. If they are not defendants, then there are no defendants at all, and diversity jurisdiction cannot be sustained absent a defendant.

The complaint also describes the escrow agent, the developer, and its principal as the "real parties in interest." (Doc. 1, ¶ 5). No doubt the developer has an interest in receiving payment on the letter of credit (though it is not obvious that the escrow agent — by definition a neutral — has a similar interest), but that does not make either a party to this action. Even if they could be added by amendment or Court order — and this has not been proposed — the existence of subject matter jurisdiction must be based on the complaint as filed, not as it might later become.[2] Nor would adding these non-parties as

---

[1] *See* 28 U.S.C. § 1332(c)(1) (a corporation is deemed to be a citizen of the state in which it has its principal place of business); *cf. id.* § 1348 (with limited exceptions, national banking associations are citizens "of the States in which they are located").

[2] *E.g., Keene Corp. v. United States*, 508 U.S. 200, 208 (1993) ("[T]he jurisdiction of the Court depends upon the state of things at the time of the action brought.") (internal quotes omitted); *Freeport-McMoran, Inc. v. K N Energy, Inc.*, 498 U.S. 426, 428 (1991) ("[D]iversity of citizenship is assessed at the time the action is filed."); *Harris v. Garner*, 216 F.3d 970, 983 (11th Cir. 2000) (only the citizenship of the original parties matters).

defendants cure the absence of complete diversity caused by the naming of the non-diverse banks as defendants.

Because the complaint discloses on its face that there is no diversity of citizenship, diversity jurisdiction does not exist.  Because the plaintiffs invoke only diversity jurisdiction, the absence of diversity means the absence of subject matter jurisdiction.  Accordingly, this action is **dismissed without prejudice**.

DONE and ORDERED this 1st day of April, 2008.

s/ WILLIAM H. STEELE<br>UNITED STATES DISTRICT JUDGE